19 F.3d 19
 146 L.R.R.M. (BNA) 2128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
COTTAGE HOSPITAL OF GROSSE POINTE, Respondent.
 No. 92-6557.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1994.
 
 1
 Before: NELSON and NORRIS, Circuit Judges; and FEIKENS, Senior District Judge.*
 
 ORDER
 
 2
 The National Labor Relations Board (the "Board") is before the court seeking enforcement of the February 28, 1992, order of the Board requiring respondent to bargain with a union certified as the representative of a unit of its employee guards. The Board and respondent have stipulated that the issue in this action is whether the Board reasonably found that section 9(b)(3) of the National Labor Relations Act (the "Act") did not disqualify the union from representing a unit of respondent's guards, and therefore properly found that respondent violated section 8(a)(5) and (1) of the Act by refusing to bargain with the union. This action presents essentially the same facts and the same legal issues as the case of NLRB v. Children's Hospital of Michigan, 6 F.3d 1147 (6th Cir.1993) (herein "Children's Hospital"). The parties stipulated that they would waive briefing and oral argument in this action and agreed that the decision in this action would be controlled by the decision in Children's Hospital. On March 8, 1993, the court granted the motion of the parties to hold this appeal in abeyance pending a decision in Children's Hospital and to waive briefing and oral argument.
 
 
 3
 The Board now moves to reactivate this action and for a remand to the Board to adduce new evidence in accordance with the decision in Children's Hospital. Respondent supports the motion. Upon consideration of the Board's motion, respondent's support of the motion and the stipulation of the parties, we conclude that this action should be remanded to the Board to adduce new evidence pursuant to section 10(e) of the Act.
 
 
 4
 It therefore is ORDERED that the motion of the Board is granted and this action is remanded to the Board to consider newly discovered evidence and to reconsider its ruling that the union is not disqualified in accordance with the decision in Children's Hospital.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation